**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

NOV 20 2025

FOR THE NINTH CIRCUIT

LEROY GEORGE SIDDELL,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee,

No. 24-5915

D.C. No.
3:24-cv-00910-DMS-DEB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted November 17, 2025**
Pasadena, California

Before: WARDLAW, BERZON, and MILLER, Circuit Judges.

LeRoy George Siddell, an attorney appearing in pro per, appeals the

dismissal of his slander claim against immigration judge Valerie Burch. The

district court substituted the United States as the defendant pursuant to 28 U.S.C.

§ 2679 (the "Westfall Act"). The district court held the claim barred because

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Congress, through the Federal Tort Claims Act ("FTCA"), preserved the United States' sovereign immunity for slander claims. *See* 28 U.S.C. § 2680(h). We affirm.

1.	The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). When a plaintiff commences a tort suit against a federal employee in state court, as Siddell did, the Westfall Act allows the Attorney General to certify "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(2). Upon certification, the suit "shall be removed" to federal district court. *Id.* The suit also "shall be deemed to be an action or proceeding brought against the United States . . . , and the United States shall be substituted as the party defendant." *Id.* These steps properly occurred here.

Siddell argues that the Westfall Act does not apply because Burch was not acting within the scope of her employment when she allegedly defamed him. Siddell forfeited this issue by not raising it in the district court. *See, e.g.*, *Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014).

The argument would be meritless in any event. Siddell did not produce any evidence refuting the Attorney General's scope-of-employment certification, so

2

there was no basis for the district court to reinstate Burch as the defendant. *See Billings v. United States*, 57 F.3d 797, 800–01 (9th Cir. 1995). Nor would Siddell have been entitled to an evidentiary hearing on the matter, had he asked for one, because he did not "allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of [her] employment." *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017) (citation omitted). His suggestion that slander is categorically outside the scope of an official's employment also fails. *See, e.g., McLachlan v. Bell*, 261 F.3d 908, 912 (9th Cir. 2001). *United States v. Smith*, 499 U.S. 160, 165–66 (1991), settled that the Westfall Act precludes suit against individual officials acting within the scope of their employment even when the FTCA does not provide a remedy against the federal government. As a result, "[b]ecause the Federal Tort Claims Act excepts from the waiver of sovereign immunity 'libel' and 'slander,' treating [a plaintiff's] defamation claims as within the scope of employment eliminates them." *McLachlan*, 261 F.3d at 912 (footnote omitted).

2.      Siddell alternatively argues that the Westfall Act violates the Fifth Amendment by depriving him of a fundamental "right to a good reputation and to be free of defamation" without due process. He made no such claim in the district court and so forfeited this issue as well.

Even if properly presented, this contention would be meritless. "[I]njury to

3

reputation standing alone does not violate the Due Process Clause," because "one's interest in reputation standing alone is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Wenger v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002) (citation modified) (quoting *Paul v. Davis*, 424 U.S. 693, 712 (1976)); *see also Siegert v. Gilley*, 500 U.S. 226, 234 (1991). Although a public official's defamatory statement can violate due process if accompanied by the denial of "some more tangible interests such as employment" or "a right or status previously recognized by state law," *Paul*, 424 U.S. at 701, 711, Siddell does not contend that he was denied employment or lost some legal status.

3. Because the Westfall Act applies, the district court correctly substituted the United States in place of Burch and applied "the limitations and exceptions applicable" under the FTCA. 28 U.S.C. § 2679(d)(4); *see Smith*, 499 U.S. at 166. Siddell does not challenge the district court's conclusions that his claim falls within the FTCA's exception for slander claims, 28 U.S.C. § 2680(h), and that he did not exhaust his administrative remedies, *id.* § 2675(a). We agree with the district court on both grounds and hold that sovereign immunity bars Siddell's claim.

**AFFIRMED.**